IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WAYNE MARLON BENEDIC LEZAMA,

Petitioner,

v.

Civil No. 2:11cv61
Criminal No. 2:09cr162

UNITED STATES of AMERICA,

Respondent.

## ORDER AND OPINION

This matter is before the Court on Petitioner Wayne Marlon Benedic Lezama's ("Lezama" or "Petitioner") Motion for Relief from Judgment or Order under Fed. R. Civ. P. 60(b)(2) ("Motion"). Doc. 70. For the reasons stated herein, Petitioner's Motion, Doc. 70, is **DENIED**, and Petitioner's letter/motion, Doc. 68, is **DISMISSED WITHOUT PREJUDICE.**

### I. FACTUAL AND PROCEDURAL HISTORY

Petitioner engaged in a scheme in which he used false and fraudulent financial information to obtain mortgage financing in order to purchase, either by himself or through a nominee buyer, several properties in this district. After the lenders agreed to provide financing, some of the mortgages went into default and the lenders were forced to foreclose on those properties at a loss.

On October 22, 2009, an Indictment was returned against Petitioner, charging him with two counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. Doc. 15. The charges were

associated with transmission of fraudulent "gift check/letters" that were alleged to have been made in furtherance of a scheme to fraudulently obtain mortgage financing. Id.

On November 23, 2009, pursuant to a plea agreement, Petitioner entered a plea of guilty as to Count One of the Indictment. During the course of the hearing, Petitioner indicated that he was voluntarily and intelligently entering the plea agreement, and affirmed the accuracy of the statement of facts associated with the agreement. Doc. 23.

On February 23, 2010, Petitioner was sentenced to sixty (60) months' imprisonment, $100 special assessment, a five (5) year term of supervised release, and mandatory restitution in the amount of $1,150,570.30. Judgment was entered on February 25, 2010. Doc. 31.

Since his conviction, Petitioner has filed numerous motions seeking relief from his sentence: a motion to set aside, correct, or vacate his sentence, pursuant to 28 U.S.C. § 2255; appeals to the United States Court of Appeals for the Fourth Circuit; a motion pursuant to 28 U.S.C. § 2244 seeking permission to file a second and successive petition; and the instant Motion, initially filed as a self-styled petition. See Docs. 34, 40, 51, 66, and 68.

On January 31, 2011, Petitioner timely filed a § 2255 motion, requesting the Court to vacate, set aside, or correct his sentence. Doc. 34. The Court held an evidentiary hearing on October 3, 2011, and the petition was denied. Docs. 50, 55. The Order and Judgment of denial was issued on November 2, 2011. Lezama timely appealed this denial (case number 11-7453), however, on April 6, 2012, the Fourth Circuit denied Petitioner's request for a certificate of appealability and dismissed the appeal. Doc. 60.[1] Lezama subsequently moved the Fourth Circuit to order the Court to consider a second or successive § 2255 petition (case number 13-140). This motion was made pursuant to 28 U.S.C. § 2244, and was denied on March 21, 2013. Docs. 66, 67.

---

[1] A request for en banc rehearing of this decision was also denied. Doc. 62.

On March 29, 2013, the Court received a letter from Lezama that attacked the validity of his sentence. Doc. 68. The arguments raised in the letter were virtually identical to those raised in the instant Motion, though stated with less detail. The letter also reflected Lezama's awareness that he has unsuccessfully pursued all available options, and is time barred from filing additional motions with the Court. Id. Nevertheless, Petitioner cited to United States v. Hastings, 461 U.S. 499 (1983), for the proposition that the Court may exercise its supervisory powers to grant a defendant relief.

On June 17, 2013, the Court issued a Notice and Order advising Petitioner of the Court's intent to construe his March 29, 2013 letter as a §2255 motion. Doc. 69. The Court further advised Lezama that if he did not object within thirty (30) days of entry of the Order, the Court would deny the motion as an impermissible second and successive § 2255. Id. On June 27, 2013, Lezama sent a letter to the Clerk of the Court, objecting to the Court's intent to construe the letter as a § 2255 motion. Doc. 70. Filed with that letter was the instant Motion. Id.

## II. Legal Standards

Rule 60(b) of the Federal Rules of Civil Procedure governs when relief from a court's judgment may be granted in a civil case. See Fed. R. Civ. P. 60(b). A district court may relieve a party or its legal representative from a final judgment, order, or proceeding, if the court is presented with "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," among other reasons. Fed. R. Civ. P. 60(b)(2).

Rule 60(b) is a procedural device that is available to party who has filed a habeas petition pursuant to 28 U.S.C. § 2255, because such a petition initiates a civil matter within the ambit of the Federal Rules of Civil Procedure. See United States v. Winestock, 340 F.3d 200, 206-07

(2003). The Rule, however, may only be used to challenge the collateral review process—that is, the manner in which the § 2255 petition was handled by the court—and not the merits of the underlying judgment. Id. at 207.

A motion under Rule 60(b) must be filed "within a reasonable time" after the entry of the judgment, and for reasons one through three, no more than a year after the entry of the judgment or order or the date of the proceeding. See Fed. R. Civ. P. 60(c)(1).[2] The one-year time limit to file a motion to vacate does not run from the date of an appellate decision reviewing that judgment, nor does the pendency of an appeal toll the one-year period. The Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1089 (10th Cir. 2005); see also Jones v. Swanson, 241 F.R.D. 625, 628 (D.S.D. 2007), judgment aff'd, 512 F.3d 1045 (8th Cir. 2008); Wright & Miller, § 2866 Time for Motion, 11 Fed. Prac. & Proc. Civ. § 2866 (3d ed.). If such a motion is filed beyond a reasonable time, it may be denied as untimely. See McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 537 (4th Cir. 1991).

### III. ANALYSIS

Petitioner's most recent attempts to seek relief from his criminal conviction and sentence must fail. This is because (a) Petitioner's initial letter/motion asking the Court for relief lacks merit; (b) the instant Motion, is untimely filed; and (c) the claim raised in the instant Motion, even if timely, is futile because Lezama has incorrectly labeled a request for relief from an underlying criminal judgment as a motion to vacate a civil judgment.

---

[2] Federal Rule of Civil Procedure 60(b) provides six grounds for relief:
(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

4

### a. Petitioner's March 29, 2013 Letter

As noted above, Lezama objected to the Court's Order notifying him of its intent to construe his letter as a § 2255 and dismiss it as second as successive. Doc. 70. Specifically, Petitioner stated: "[p]lease notify the court that my letter is not a request for a successive § 2255. My initial purpose was to find a means for my concern to be addressed. I respectfully remand my letter/motion from the order on file." Doc. 70 at 1. The Court will not construe the letter/motion as a § 2255 over Petitioner's objection. The Court notes, however, that Petitioner's letter, in asking the Court how to obtain relief, has failed to indicate any ground for relief. Accordingly, the Court **DISMISSES** Petitioner's letter/motion, Doc. 68, **WITHOUT PREJUDICE.**

### b. Petitioner's Motion is Untimely Filed

Lezama seeks relief on the grounds that there is newly discovered evidence that affects his case. Doc. 70 at 2; see also Fed. R. Civ. P. 60(b)(2). Such relief is subject to a one-year time limit. See Fed. R. Civ. P. 60(c)(1).

Here, both Lezama's initial letter, filed on March 29, 2013, and the 60(b)(2) Motion, filed on June 27, 2013, are untimely filed, as more than a year had passed since November 2, 2011, when the Court entered its Order denying Petitioner's § 2255 motion. See Docs. 55-56, 68-69. That the Petitioner's letter was received shortly after he had exhausted all appellate options is irrelevant, as the pendency of an appeal does not toll the one-year period. The Tool Box, Inc., 419 F.3d at 1089. Accordingly, Petitioner's Rule 60(b)(2) Motion is **DENIED** as untimely.

### c. Rule 60(b) Cannot Be Used To Challenge a Criminal Conviction or Sentence

Lezama moves for a remedy pursuant to Federal Rule of Civil Procedure 60(b), which governs when a court may grant relief from a judgment or order entered in a civil case. As noted

above, relief under Rule 60(b) is available to individuals who have filed a § 2255 petition, as such a petition is a civil matter. Winestock, 340 F.3d at 206-07. Rule 60(b) is not the appropriate procedural device for challenging an underlying criminal conviction and sentence. Id. at 207 ("new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b)").

Here, Lezama challenges the validity of his conviction and final judgment sentencing him to sixty (60) months' imprisonment, alleging a misapplication of the wire fraud statute and the sentencing guidelines. See Doc. 70 at 3-4, 5 ("In closing, the petitioner submits this Federal Rules of Civil Procedure 60(2) [sic] motion, as grounds for relief of his final judgment order, entered February 23, 2010."). Such allegations of error in the underlying criminal judgment "will virtually always implicate the rules governing successive applications." Winestock, 340 F.2d at 207. Because Rule 60(b) offers no relief in a criminal matter, Petitioner may not employ it to attack the validity of his sentence or conviction.

To the extent that Petitioner's claim is a collateral attack on his conviction and the calculation of his sentence, the Court **ADVISES** Petitioner that the proper procedural format to raise these issues is a motion pursuant to 28 U.S.C. § 2255. Petitioner has previously filed a § 2255 motion, which was denied. Thus, any subsequent § 2255 motions alleging the same grounds would be considered second or successive. As Petitioner was advised in the Court's Notice of Recharacterization, issued on June 17, 2013, the Court lacks jurisdiction to hear a second or successive § 2255 motion without the necessary certification from the Fourth Circuit. See Doc. 69 at 5; see also 28 U.S.C. § 2255(h); United States v. Emmanuel, 288 F.3d 644, 649-50 (4th Cir. 2002).

Petitioner is again **ADVISED** that in order to bring a challenge to his conviction and sentence before the Court, he must obtain a certificate of appealability to pursue a successive motion under 28 U.S.C. § 2255. To request such a certificate, Lezama must petition the United States Court of Appeals for the Fourth Circuit at 1100 East Main Street, Suite 617, Richmond, VA 23219-3517.

### IV.  CONCLUSION

For the reasons stated above, Petitioner's Motion for Relief from Judgment or Order under Fed. R. Civ. P. 60(b)(2), Doc. 70, is **DENIED** as untimely filed. It is **FURTHER ORDERED** that Petitioner's letter/motion, Doc. 68, is **DISMISSED WITHOUT PREJUDICE.**

Petitioner is **ADVISED** that he may appeal this Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within fourteen (14) days from the date of this Order. To proceed in forma pauperis on appeal, Petitioner must submit an application to proceed in forma pauperis to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to send a copy of this Order to Petitioner and to counsel of record for the United States.

It is so **ORDERED.**

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
~~July~~ Aug 10, 2013

7